**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| WEDBUSH SECURITIES, INC. and EDWARD WILLIAM WEDBUSH, <br><br> Petitioners, <br><br> v. <br><br> U.S. SECURITIES & EXCHANGE COMMISSION, <br><br> Respondent. | No.   16-73284 <br><br> SEC No. 3-16329 <br> Securities & Exchange Commission <br><br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Securities & Exchange Commission

Submitted April 9, 2018[**]
Pasadena, California

Before:  BOGGS,[***] BYBEE, and WATFORD, Circuit Judges.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Danny J. Boggs, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

**1.** Substantial evidence supports the Securities & Exchange Commission's finding that Edward Wedbush failed to reasonably supervise the regulatory filings of Wedbush Securities. *See* 15 U.S.C. § 78y(a)(4). Throughout the relevant period, Wedbush was the firm's president and, for part of the period, he was also its chief compliance officer and the manager of the business-conduct department. As such, Wedbush had ultimate responsibility for the firm's regulatory compliance. Because Wedbush was on notice as to the firm's continuing failure to satisfy its regulatory requirements, he was liable for ensuring its compliance.

**2.** The Commission did not abuse its discretion in affirming Wedbush's suspension. The Commission found that the firm's violations were egregious, and the sanctions were intended to gain Wedbush's specific compliance. The sanctions therefore were not "unwarranted in law or without justification in fact." *Ponce v. SEC*, 345 F.3d 722, 740 (9th Cir. 2003).

**3.** The Commission correctly concluded that Wedbush and the firm received a fair hearing. In its complaint, FINRA's Enforcement Department requested sanctions under FINRA Rule 8310(a), which lists suspension among the range of possible sanctions. In addition, the FINRA Sanction Guidelines expressly contemplate a suspension of up to 30 business days. Wedbush therefore had fair notice of the sanctions he ultimately received.

**PETITION FOR REVIEW DENIED.**